KENNETH W. BURGDORF AND MARILYN T. BURGDORF *v.* SOUTHERN INDIANA GAS AND ELECTRIC COMPANY; EDWIN J. LURKER, LOYCE L. LURKER AND CARL E. LURKER *v.* SOUTHERN INDIANA GAS AND ELECTRIC COMPANY

[No. 1-877A167. Filed May 3, 1978. Rehearing denied June 2, 1978. Transfer denied August 29, 1978.]

*Charles C. Griffith, Johnson, Carroll and Griffith, P.C.*, of Evansville, for appellants.

*Fred P. Bamberger, John R. Burke, Jr., Bamberger, Foreman, Oswald & Hahn*, of Evansville, for appellee.

## STATEMENT OF THE CASE

LOWDERMILK, J. — This is a consolidation of two inverse condemnation suits which were brought by plaintiffs-appellants Kenneth and Marilyn

---

Burgdorf and plaintiffs-appellants Edwin, Loyce, and Carl Lurker (Burgdorf, *et al.*) against defendant-appellee Southern Indiana Gas and Electric Company (SIGECO).

## FACTS

The parties stipulated to the accuracy of the following facts: Burgdorf leased for farming purposes certain tracts of land from Indiana Franklin Realty, Inc. for the price of one dollar per acre per year. Indiana Franklin Realty, Inc. then sold the leased land to SIGECO, which acquired the lessor's rights, as well as the fee simple title to the land.

In order to connect one of its generating plants to the main railroad, SIGECO constructed a railroad spur which crossed the land leased by Burgdorf, *et al.* Burgdorf, *et al.*, objected to the construction of the railroad and sought to obtain damages for their loss of the use of the land by bringing an inverse condemnation action. The trial court, without a jury, weighed the stipulated facts and determined that SIGECO was empowered by the lease to construct a railroad across the leased land, and that SIGECO was not required to condemn the land prior to constructing the railroad. Therefore Burgdorf, *et al.*, were not entitled to damages.

## ISSUE

The issue which has been presented to this court on appeal is as follows:

Do the lease agreements in question reserve to the lessor the right to construct a railroad and if not, should SIGECO be obligated to pay "just compensation" for the taking of private property rights without first having followed the provisions of the Indiana eminent domain statutes?

## DISCUSSION AND DECISION

The portion of the lease which is most pertinent to the issue in question is Clause 7 which provides as follows:

"7. Lessor reserves unto itself, its licensees, lessees, successors and assigns, the right, power and privilege to construct, inspect, patrol, maintain, operate, enlarge, alter, rebuild, relocate, repair and remove any number of pipe lines, electric transmission lines

above ground on supporting structures or underground, roads, and any and all appliances, fixtures, equipment and appurtenances as are used or may be used in connection therewith, upon, over and across the leased premises at such location as Lessor, its licensees, lessees, successors or assigns may select. It is the intention of the parties hereto that the Lessor shall have the absolute right, power and privilege to use so much of the leased premises and in such manner and for such purposes, as the Lessor, its licenses, lessees, successors and assigns, in its and their sole discretion shall deem necessary, convenient or required in the exercise of the rights, powers and privileges herein reserved. . . ."

The lease clearly gives SIGECO power to construct roads and to attach "fixtures, equipment, and appurtenances ... upon, over and across the leased premises." Therefore, whether or not SIGECO was empowered by the lease to construct and maintain a railroad across the leased premises depends upon whether or not a railroad is a "road" or at least a fixture or appurtenance across the land.

The term "road" has been defined by our Supreme Court in *Strange v. Board of Commissioners of Grant County* (1910), 173 Ind. 640, 91 N.E. 242, 247, as follows:

" 'Roads' and 'highways' are generic terms, embracing all kinds of public ways, such as county and township roads, streets, alleys, township and plank roads, turnpike or gravel roads, tramways, ferries, canals, navigable rivers, including, also, railroads." (Citations omitted)

In *City of Aurora v. West* (1857), 9 Ind. (2d ed. revised), 71, 82, our Supreme Court said:

"We think, also, that a company chartered to build a railroad, is chartered to build a road. We think a railroad is a road as properly as a turnpike road, or a plank road, is a road. . . ."

Websters Third New International Dictionary (1966 ed.) defines "road" in part as follows:

"1 road ... 3 a: an open way or public passage for vehicles, persons, and animals: a track for travel or transportation to and fro serving as a means of communication between two places usu. having distinguishing names b: a public way outside of an urban district; HIGHWAY — contrasted with *street* c: the part of a thoroughfare

over which vehicular traffic moves: the space between curbs: ROADWAY d: a vehicular way for local traffic . . . 6: RAILROAD, RAILWAY . . ." (Original emphasis)

It can be observed from the quotations above that the Indiana Supreme Court and a dictionary of the English language categorize "railroad" as a type of "road" and include "railroad" within the denotative perimeters of the generic term "road."

Burgdorf, *et al.*, contend that the word "road," as used in Clause 7 of the lease agreement, is ambiguous in its meaning and should, therefore, be construed narrowly and against SIGECO, the drafter, or at least the successor of the drafter of the instrument.

We do not agree that the word "road," as used in Clause 7 of the lease is ambiguous. Clause 7 reserves to SIGECO the right to construct an avenue of transportation and to attach thereto any fixture, equipment, or appurtenance above, under, or across the land. The construction of a railroad would clearly come within the literal meaning of the language of Clause 7 of the lease.

For the reason that SIGECO was acting within the powers reserved to it by the lease, we hold that the trial court properly found in favor of SIGECO and against Burgdorf, *et al.*, in this inverse condemnation action. Owing to our disposition of the above matter, it follows that it was not necesary for SIGECO to bring condemnation proceedings nor pay damages to Burgdorf, *et al.* prior to constructing the railroad across the leased lands.

Judgment affirmed.

Lybrook, P.J. and Robertson, J. concur.

NOTE—Reported at 375 N.E.2d 670.